**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1619**

BETTY W. HART,

                  Plaintiff - Appellant,

      v.

HANOVER COUNTY SCHOOL BOARD; MICHAEL R. ASHBY, SR.,

                  Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (3:10-cv-00794-JRS)

Submitted: January 27, 2012      Decided: October 12, 2012

Before KING and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

David R. Simonsen, Jr., Richmond, Virginia, for Appellant. Yvonne S. Wellford, Senior Assistant County Attorney, Hanover, Virginia, Bradford A. King, THOMPSONMCMULLAN, P.C., Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Betty W. Hart, who was previously employed by the Hanover County School Board ("the Board"), filed a complaint against the Board and its Director of Pupil Transportation, Michael Ashby, asserting that her employment was terminated in violation of the Fair Labor Standards Act, 29 U.S.C.A. §§ 201-219 (West 1998 & Supp. 2011). Hart asserts that the district court erred when it granted Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss her complaint for failure to state a claim. Hart also asserts that the district court erred when it refused to reconsider its dismissal order, pursuant to Fed. R. Civ. P. 59(e), and dismissed her Fed. R. Civ. P. 15(a) motion to amend the complaint as moot. Although we discern no error in the district court's order granting Defendants' motion to dismiss, we conclude that the district court erred when it denied her motions to amend and for reconsideration.

This court reviews de novo a district court's order dismissing a complaint for failure to state a claim, assuming that all well-pleaded nonconclusory factual allegations in the complaint are true. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). "While a complaint attacked by a Rule 12(b)(6) motion . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

2

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations marks, alterations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id. Given the allegations in Hart's original complaint, we conclude that the district court did not err in granting Defendants' motion to dismiss. See Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (holding that adverse action taken twenty months after protected activity "suggests, by itself, no causality at all"); Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998) ("A thirteen month interval between the charge and termination is too long to establish causation absent other evidence of retaliation.").

We nonetheless vacate the district court's order denying Hart's motions for reconsideration and to amend her complaint. Rule 15(a) requires that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (construing Foman v. Davis, 371 U.S. 178, 182 (1962)).

"Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend." Laber v. Harvey, 438

3

F.3d 404, 427 (4th Cir. 2006) (en banc). "For this reason, a district court may not deny such a motion simply because it has entered judgment against the plaintiff—be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits." Id. "Instead, a post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." Id.

As this court recognized in Laber and recently reiterated in Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470-71 (4th Cir.), cert. denied, 132 S. Ct. 115 (2011), the only difference between a pre- and a post-judgment motion to amend is that the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b). See Katyle, 637 F.3d at 470; Laber, 438 F.3d at 427. "To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards." Katyle, 637 F.3d at 471. Rather, "[t]he court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to [Rule] 15(a)." Id.; see also Laber, 438 F.3d at 426-29 (analyzing whether the district court erred in denying a post-judgment motion to amend under the more liberal motion to amend standard, rather than the more stringent Rule 59(e) standard, and

4

concluding that the district court erred in denying the Rule 59(e) motion because the plaintiff did not act in bad faith, the amendment was not futile, and the defendant would not be prejudiced). We review for abuse of discretion a district court's denial of a motion to amend a complaint, regardless of whether that motion is filed pre- or post-judgment. Laber, 438 F.3d at 427-28.

The only reason the district court gave for denying Hart's motion to amend was that the motion was moot because Hart could not establish she was entitled to have the district court's final judgment vacated under Rule 59(e); the district court did not consider whether Hart's amended complaint would be prejudicial, futile, or was made in bad faith. See Johnson, 785 F.2d at 509. We conclude that the district court's failure to properly analyze Hart's motion to amend was an abuse of discretion. See Murrow Furn. Galleries, Inc. v. Thomasville Furn. Indus., Inc., 889 F.2d 524, 526 n.3, 529-30 (4th Cir. 1989) (recognizing that district court's denial of Rule 59(e) motion effectively denied the Rule 15(a) motion, but ultimately vacating district court's denial of the Rule 15(a) motion because the district court failed to give a reason for the denial using the standards for granting a Rule 15(a) motion). Accordingly, there are sufficient grounds to vacate the district court's order to the extent it denied Hart's Rule 59(e) motion.

5

See Laber, 438 F.3d at 428; see also Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009) ("A conclusion that the district court abused its discretion in denying a motion to amend . . . is sufficient grounds on which to reverse the district court's denial of a Rule 59(e) motion.") (internal quotation marks omitted).

Thus, although we affirm the district court's order granting Defendants' motion to dismiss Hart's original complaint, we vacate the district court's order denying Hart's Rule 59(e) and Rule 15(a) motions. We remand this matter to the district court so it may determine, in the first instance, whether Hart is entitled to amend her complaint under Rule 15(a) (i.e., whether the amendment would prejudice Defendants, whether the amendment was made in bad faith, and whether the amendment would be futile).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART
AND REMANDED

---

[*] By this disposition, we indicate no view as to the ultimate resolution of Hart's motions.

6